**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **MARGARET KOTZALAS,** | * | |
| *Plaintiff,* | | |
| | * | |
| | | **Case No.: 20-CV-2926-PWG** |
| **v.** | * | |
| **KRISTINE L. SVNICKI,** | * | |
| *Defendant.* | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Margaret Kotzalas filed this single count employment discrimination action on May 28, 2021. ECF 1, Compl. Defendant Kristine Svnicki is the Chairman of the United States Nuclear Regulatory Commission ("NRC"), where Ms. Kotzalas worked for over 24 years. *Id.* In her Amended Complaint, Ms. Kotzalas alleges that she was demoted in retaliation for protected activity including filing complaints with the EEOC in violation of Title VII of the Civil Rights Act. ECF 15, Amend. Compl. Pending before me is the Defendant's Motion to Dismiss Ms. Kotzalas's claims because, the Defendant argues, her Complaint was untimely filed. ECF 18, MTD. The Motion is fully briefed and I find that no hearing is necessary. *See* ECF 21, Opposition; ECF 24, Reply; Local Rule 105.6. For the reasons explained below, the Defendant's Motion to Dismiss is DENIED.

### FACTUAL AND PROCEDURAL BACKGROUND

Because the Defendant moves to dismiss purely on limitations grounds, a brief summary of the underlying facts will suffice to provide the necessary context.

Ms. Kotzalas began working at the NRC as a Reactor Engineer Intern, GG-9, in 1996. Amend. Compl. at ¶ 12. After 24 years at the NRC, Ms. Kotzalas had advanced to the role of

Branch Chief, GG-0801-15, Licensing and Oversight Branch, Division of Fuel Cycle Safety, Safeguards, and Environmental Review, Office of Nuclear Materials Safety and Safeguards. *Id.* ¶ 10–15; ECF No. 18-7, Final Agency Decision ("FAD") at 1. On September 4, 2019, following an investigation, the NRC provided Ms. Kotzalas with a Notice of Proposed Adverse Action ("Notice"), which proposed that Ms. Kotzalas be demoted to a non-supervisory position. Amend. Compl. ¶ 62; FAD at 6. The Notice identified three charges warranting Ms. Kotzalas's proposed demotion. FAD at 6. *First*, the Notice charged Ms. Kotzalas with conduct unbecoming a federal supervisor, namely, using inappropriate nicknames for members of her staff.[1] *Id. Second*, the Notice charged Ms. Kotzalas for failure to follow supervisory instructions. *Id.* This charge also related to Ms. Kotzalas's use of inappropriate nicknames, which Ms. Kotzalas had been counseled against in 2015. *Id. Finally*, the Notice charged Ms. Kotzalas with lack of candor in an official investigation for denying that she had used any inappropriate nickname in the office and claiming instead that she had used it only when socializing outside of work. *Id.*

Ms. Kotzalas alleges that each of the three charges in the Notice were "either untrue or trumped up to justify Ms. Kotzalas's demotion, which had been preordained since at least June 1 of 2018." Amend. Compl. ¶ 63. Ms. Kotzalas claims that the allegations that she continually used inappropriate nicknames while acting in her official capacity were in fact concocted in retaliation for earlier protected conduct including: "(1) submit[ing] an EEO complaint of sex and race discrimination on her own behalf and on behalf of her staff in April 2018; (2) submit[ing] a harassment complaint around the same time; (3) amend[ing] her complaint in December 2018 [to

---

[1]       Specifically, Ms. Kotzalas is alleged to have called one staff member "monkey" or "monk," even after that staff member asked her to stop. FAD at 6.

include additional incidences of retaliation]; and (4) inform[ing] the NRC she retained counsel in February 2019." *Id.* ¶ 113.

Ms. Kotzalas filed a formal complaint with the NRC on December 17, 2019. *Id.* ¶ 105. On August 14, 2020, the NRC issued its Final Agency Decision on Ms. Kotzalas's claims. *Id.* ¶ 109; FAD. The Final Agency Decision concluded that Ms. Kotzalas was "not subject to disparate treatment based on [her] gender when [she] was notified" that she was "being demoted from [her] position as Branch Chief, GG-0801-15" position, "to a GG-0801-14 position." FAD at 3. It also found that Ms. Kotzalas was "not subject to reprisal for engaging in prior protected activity." *Id.*

Ms. Kotzalas filed this action on October 9, 2020, 54 days after the NRC issued the Final Agency Decision. Compl. The Defendant now moves to dismiss on the theory that Ms. Kotzalas's Complaint was untimely filed under the relevant regulatory limitations period. MTD at 1. Additional facts will be provided below as needed.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides that a complaint must be dismissed if it "fails to state a claim upon which relief can be granted." The purpose of the rule is to test the sufficiency of the complaint, not to address its merits. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The claim for relief must be plausible, and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–79.

When reviewing a motion to dismiss, the Court must accept the well pleaded facts in the operative complaint, and also may "consider documents attached to the complaint, as well as

documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013) (citing *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). And where the allegations of the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991). If the Court considers matters outside the pleadings, it must treat the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d). However, a court may take judicial notice of matters of public record without converting a motion to dismiss into motion for summary judgment. *Secretary of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)).

## DISCUSSION

The parties' present dispute centers on the written summary of Ms. Kotzalas's appeal rights that was provided at the conclusion of the NRC's Final Agency Decision. FAD at 32–35. The Appeal Rights section advises that complainants "may file an appeal of the Final Agency Decision with the [Merit Systems Protection Board ("MSPB")]" within 30 days of receiving the Final Agency Decision. *Id.* at 32. It then describes the requirements for filing a civil action directly in the appropriate U.S. District Court for complainants who elect not to file an appeal with the MSPB. *Id.* at 34–35. It provides:

## CIVIL ACTIONS

You [] have a right to file a civil action in an appropriate U.S. District Court. *See* 29 C.F.R. § 1614.310. This section provides as follows:

An individual who has a complaint processed pursuant to 5 CFR part 1201, subpart E or this subpart is authorized by 5 U.S.C. 7702 to file a civil action in an appropriate United States District Court:

>   (a) Within 30 days of receipt of a final decision issued by an agency on
>       a complaint unless an appeal is filed with the MSPB; or . . .

*Id.* at 31–32. The Appeal Rights section then provides the following information specific to civil

actions filed under Title VII:

>   Filing a timely civil action under Title VII of the Civil Rights Act of 1964,
>   as amended, and/or the Rehabilitation Act terminates the EEOC's processing of
>   your appeal. 29 C.F.R. § 1614.409. If you file a civil action after an appeal is filed,
>   you must notify the EEOC in writing. You are further notified that if you file a civil
>   action, you must name Kristine Svinicki, Chairman, U.S. Nuclear Regulatory
>   Commission, as the defendant. Failure to provide the name or official title of the
>   Agency may result in dismissal of your case.
>
>   If you decide to file a civil action under Title VII and/or the Rehabilitation
>   Act and you do not have or cannot afford the services of an attorney, you may
>   request that the Court appoint an attorney to represent you and that the Court permit
>   you to file the action without payment of fees, costs, or other security. The decision
>   to grant or deny your request is within the sole discretion of the Court. Filing a
>   request for an attorney does not extend your time in which to file a civil action.
>   Both the request and the civil action <u>MUST BE FILED WITHIN NINETY (90)
>   CALENDAR DAYS</u> of the date you received the Final Agency Decision or the
>   EEOC's final decision on your appeal.

*Id.* at 32–33 (emphasis in original).

The Defendant contends that Ms. Kotzalas's lawsuit is barred by her failure to file her

Complaint in this Court within 30 days of the NRC's Final Agency Decision. MTD at 1. Ms.

Kotzalas responds that the Appeal Rights information provided by the NRC expressly agreed to a

90 day period in which to file a Title VII suit, and that the Defendant therefore waived the

limitations defense it now advances. Opp. at 6. Alternatively, Ms. Kotzalas argues that the

doctrines of equitable tolling or equitable estoppel excuse her untimely filing because it was the

result of NRC's misrepresentation of the time in which to file a Title VII action in this Court. *Id.*

at 10.

I agree with the Defendant that the Final Agency Decision's Appeal Rights section cannot

be read to constitute an agreement by the NRC to waive the applicable limitations period. The

Appeal Rights section references the 30-day limitations period under 29 C.F.R. § 1614.310, *see* FAD at 33, and it makes no assurances that can be construed as an agreement to toll the applicable limitations period.[2]  However, I also agree with Ms. Kotzalas that equitable tolling is appropriate under the circumstances given the NRC's, at best, confusing summary of Ms. Kotzalas's right to file her claim in this Court. Accordingly, I will deny Defendant's Motion to Dismiss.

It is well settled that limitations in a Title VII action against a government agency is not jurisdictional and is subject to equitable tolling. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990); *Weick v. O'Keefe*, 26 F.3d 467, 470 (4th Cir. 1994). Equitable tolling is a discretionary doctrine that turns on the specific facts and circumstances of a particular case. *Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 321 (4th Cir. 2011). "Federal courts have typically extended equitable relief only sparingly" in this context, and apply the doctrine only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* That said, courts "freely allow [equitable tolling] where the plaintiff's delay in filing was the result of misleading conduct or misinformation by a government agency." *Kramer v. Bd. of Educ. of Baltimore Cty.*, 788 F. Supp. 2d 421, 426 (D. Md. 2011).

---

[2]     *See United States v. Bertie Ambulance Serv., Inc.*, No. 2:14-CV-00053-F, 2015 WL 5916691, at *6 (E.D.N.C. Oct. 8, 2015) ("A tolling agreement is a contract. The Court, therefore, looks to state law contract principles governing the interpretation of contracts and remedies for their breach.")(collecting cases); *Cty. Comm'rs for Carroll Cty. v. Forty W. Builders, Inc.*, 941 A.2d 1181, 1209 (Md. Ct. App. 2008) ("An essential element with respect to the formation of a contract is a manifestation of agreement or mutual assent by the parties to the terms thereof; in other words, to establish a contract the minds of the parties must be in agreement as to its terms.").

"The doctrine[] of equitable tolling . . . derive[s] from the notion 'that a defendant should not be permitted to escape liability by engaging in misconduct that prevents the plaintiff from filing her claim on time.'" *Dean v. Berlin Fire Co.*, No. CV ELH-17-2708, 2018 WL 4468844, at *7–8 (D. Md. Sept. 17, 2018) (quoting *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)). As used in this context, "misconduct" does not require showing "deliberate, wrongful action by the defendant designed to frustrate the plaintiff's ability to file timely." *Id.* (quoting *Roberts v. Am. Neighborhood Mort. Acceptance Co.*, Civil No. JKB-17-0157, 2017 WL 3917011, at *5 (D. Md. Sept. 6, 2017)). Rather, "it may be sufficient if the defendant should have realized the effect of its conduct." *Id.*; *see also Aikens v. Ingram*, 524 F. App'x 873, 879 (4th Cir. 2013) ("[C]ourts have generally clarified that equitable estoppel requires the defendant's wrongdoing, while equitable tolling does not."). The Fourth Circuit has acknowledged that equitable tolling "might be warranted in cases involving bad advice from the governmental agency charged with enforcing discrimination complaints," *Poteat v. Mack Trucks Inc.*, No. 96-1437, 1997 WL 33117, at *4 (4th Cir. Jan. 28, 1997) (per curiam), and in cases where, "due to agency error or misinformation, a complainant fails to meet the time requirements for filing an agency complaint . . . ." *Bishop v. Hazel & Thomas, PC*, No. 97-2284, 1998 WL 377912, at *2 n.3 (4th Cir. July 1, 1998) (per curiam).

The Defendant argues that the circumstances of this case do not warrant equitable relief under the standard summarized above. In support of its argument, the Defendant relies primarily on an unreported opinion from the Middle District of North Carolina. *See Milford v. Sebelius*, Case No. 1:09CV941, 2013 WL 1192818 (M.D.N.C. March 22, 2013). In that case, the court addressed a nearly-identical summary of appeal rights in a final agency decision, which the plaintiff argued had led her to untimely file her employment discrimination suit because she believed that she had

90 days in which to do so. *Id.* The Middle District of North Carolina concluded that the confusing nature of the appeal rights language did not rise to a level that warranted equitable tolling, particularly given plaintiff's counsel's failure to conduct supplemental research on the correct limitations period. *Id.* at *3–4. I respectfully disagree.

The United States Supreme Court has acknowledged that navigating "the intersection of federal civil rights statutes and civil service law has produced a complicated, at times confusing, process for resolving claims of discrimination in the federal workplace." *Kloeckner v. Solis*, 568 U.S. 41, 49 (2012). The Court of Appeals for the Federal Circuit more bluntly describes the channels of administrative and judicial review in this context as a "byzantine labyrinth." *Kerr v. Merit Sys. Prot. Bd.*, 908 F.3d 1307, 1309 (Fed. Cir. 2018). Here, the NRC injects even more confusion into the process by citing on the one hand the federal regulation calling for a 30-day period to file a civil action in the district court, and simultaneously emphasizing that "[b]oth the request and civil action <u>MUST BE FILED WITHI NINETY (90) CALENDAR DAYS</u>" of the Final Agency Decision in the context of Title VII claims. The NRC should have realized that that language was likely to confuse or mislead a complainant. *See Dean*, 2018 WL 4468844, at *7–8. And although I see no indication that the NRC intentionally misled Ms. Kotzalas and her counsel, Title VII plaintiffs should be able to rely on the instructions provided by their agency-employer when that agency takes employment action against them. Put another way, the NRC should not benefit from its failure to provide its employees with clear instructions regarding their rights to appeal adverse agency decisions.

For those reasons, I conclude that equitable tolling is appropriate in this case.[3]

---

[3]     Because I conclude that equitable tolling is appropriate, I need not address Ms. Kotzalas's equitable estoppel argument, or her argument that "[t]he [d]ismissed [n]on-[d]emotion [c]laims [a]re [t]imely." Opp. at 12–13.

**CONCLUSION**

For the foregoing reasons, Defendant Kristine L. Svinicki's Motion to Dismiss is DENIED.

**<u>ORDER</u>**

For the reasons stated in the Memorandum Opinion signed this same date, it is hereby

ORDERED that:

1.  Defendant's Motion to Dismiss or for Summary Judgment, ECF No. 18, is DENIED.

2.  Defendant shall file its Answer to the Amended Complaint, ECF No. 15, on or before **April 21, 2022**, after which the Court will enter a Scheduling Order and schedule a Federal Rule of Civil Procedure 16 conference with the parties to discuss further trial proceedings.


Dated: March 31, 2022                                    _____/S/_____
                                                        Paul W. Grimm
                                                        United States District Judge